## George P. Wild, James E. Ellwood, Horace M. Stevens and John G. Smith v. The People of the State of Illinois, for the use of Charles O. Boynton.

1. LIMITATIONS—*When the Commencement of an Action is Stayed.*— When the commencement of an action is stayed by an injunction, order of a judge or court or statutory prohibition, the time of the continuance of the injunction or prohibition is no part of the time limited for the commencement of the action.

**Debt**, on an official bond. Error to the Circuit Court of DeKalb County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

CHARLES KELLUM and W. C. KELLUM, attorneys for plaintiffs in error.

THOS. M. CLIFFE and HOPKINS, THATCHER & DOLPH, attorneys for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action of debt upon the official bond of Reuben J. Holcomb, as sheriff of DeKalb county, to recover a certain sum of money alleged to have been paid Holcomb, as such sheriff, for the redemption of certain premises theretofore sold by the master in chancery under a decree of the Circuit Court of said county against one W. O. Wilcox, for which Charles O. Boynton held the certificate of purchase.

It was alleged by the declaration that on March 18, 1878, Holcomb, as sheriff, received $744.45 to redeem said premises from certain judgment creditors of said Wilcox; that Holcomb at once proceeded to levy an execution upon said premises and advertise them for sale; that thereupon Boynton caused an injunction to be issued and served upon the sheriff and said judgment creditors, restraining them from further proceeding with the execution and also from further proceeding with any attempted redemption of said premises from said master's sale; that on December 27, 1892, the bill for injunction was dismissed, and the injunction theretofore granted dissolved by a decree of the Circuit Court of Kane County, to which the venue of said cause had been changed; that an appeal was prayed to the Supreme Court by Boynton and an order entered in the Circuit Court holding the injunction in force pending the appeal; that on June 19, 1894, the Supreme Court affirmed the decree of the Circuit Court, and it thereupon became the duty of Holcomb to pay to Boynton said sum of money; that demand was made upon Holcomb for the payment of said money but that the same remained wholly unpaid. This suit was commenced October 13, 1898. To the declaration defendants interposed a general and special demurrer. The special causes of demurrer in different ways averred that the action was barred by the statute of limitations. The demurrer was overruled by the court, and plaintiffs in error and Holcomb having elected to stand by the demurrer, judgment was entered against them for $10,000 debt to be satisfied by the payment of $930.56 and costs. Holcomb, the sheriff, does not join in this writ of error.

It is insisted by plaintiffs in error that this suit is barred for the reason that the statute of limitations began to run from the time the redemption money was paid to Holcomb in 1878, and not from the time the injunction suit was finally disposed of by the Supreme Court. We do not think this contention can be sustained. Section 23, chapter 83, Revised Statutes, provides that "when the commencement of an action is stayed by injunction, order of a judge or court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the actions." During the pendency of the injunction it was uncertain whether the redemption money would eventually have to be paid to Boynton or returned to said judgment creditors. During the whole of said time the sheriff could have successfully pleaded the pendency of the same to any suit brought against him for said sum of money. Boynton had the right to have judicially determined the questions presented by him in the injunction suit, but if he had received the money from the sheriff, he would have had to relinquish that right. This the law does not compel him to do.

We are of opinion that the demurrer to the declaration was properly overruled and the judgment of the court below is therefore affirmed.